UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANTHONY VILLANO,<br>    *Plaintiff,*<br><br>v.<br><br>STATE OF CONNECTICUT JUDICIAL DEPARTMENT, CONNECTICUT DIVISION OF PUBLIC DEFENDER SERVICES,<br>    *Defendants.* | 19-cv-695 (KAD)<br><br><br><br><br><br>October 7, 2019 |

**MEMORANDUM OF DECISION**
**RE: MOTION TO DISMISS AND MOTION TO STRIKE (ECF NOS. 11, 21)**

Kari A. Dooley, United States District Judge:

Plaintiff Anthony Villano ("Villano"), proceeding *pro se*, filed this action against Defendants the State of Connecticut Judicial Department and the Connecticut Division of Public Defender Services (collectively, the "Defendants"), alleging violations of his civil rights guaranteed by the United States Constitution. Defendants moved to dismiss Villano's First Amended Complaint ("FAC") pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), principally on the grounds that the Eleventh Amendment precludes this Court's exercise of subject matter jurisdiction. Villano did not file an opposition to the motion. He instead filed a purported Second Amended Complaint ("SAC") without seeking Defendants' written consent or leave of the Court as required by Fed. R. Civ. P. 15(a)(2). Defendants then moved to strike the SAC, asserting, *inter alia*, that whether construed as a request for leave to file an amended complaint or a supplemental complaint, leave should be denied as futile. For the following reasons, the Motion to Dismiss is GRANTED and the Motion to Strike is GRANTED.

**Standard of Review**

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 712 (2d Cir. 2019) (*per curiam*) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). "In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Mercer v. Schriro*, 337 F. Supp. 3d 109, 122 (D. Conn. 2018) (quoting *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014)). On a motion to dismiss under Rule 12(b)(6), the Court must likewise accept the complaint's factual allegations as true and draw inferences in the plaintiff's favor. *Littlejohn v. City of New York*, 795 F.3d 297, 306 (2d Cir. 2015). The complaint, however, "must 'state a claim to relief that is plausible on its face,'" setting forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Kolbasyuk v. Capital Mgmt. Servs., LP*, 918 F.3d 236, 239 (2d Cir. 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Although a *pro se* complaint must be liberally construed "to raise the strongest arguments it suggests," *pro se* litigants are nonetheless required to "state a plausible claim for relief." *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013) (brackets and internal quotation marks and citations omitted). So too must a *pro se* litigant be able "to allege facts demonstrating that her claims arise under this Court's . . . jurisdiction." *Gray v. Internal Affairs Bureau*, 292 F. Supp. 2d 475, 477 (S.D.N.Y. 2003). Absent such a showing the "complaint must be dismissed." *Id.* (citing Fed. R. Civ. P. 12(h)(3)).

Finally, Fed. R. Civ. P. 15(a)(2) instructs that leave to amend should be freely given, though the Court may deny it for good cause, including, *inter alia*, "when amendment would be futile." *Omotosho v. Freeman Inv. & Loan*, 136 F. Supp. 3d 235, 252 (D. Conn. 2016) (internal quotation marks omitted).[1] Even affording *pro se* plaintiffs special consideration in construing their pleadings, the Court should deny leave to amend as futile where "the subject matter jurisdiction deficiencies . . . are substantive and cannot be cured." *Pudlin v. Office for (Not of) Civil Rights of the United States Dep't of Educ.*, 186 F. Supp. 3d 288, 295 (S.D.N.Y. 2016).

**Allegations**

In the FAC (ECF No. 10), Villano alleges that the Defendants violated Villano's civil rights by: (1) denying him representation by a public defender and dismissing his privately retained attorneys in various criminal or motor vehicle cases brought against Villano in state court; (2) setting inordinately high bonds to assure his appearance in those cases; and (3) coordinating "to deprive [Villano] of [his] rights and to cause [Villano] to accept a plea deal against [his] interests." FAC at 3. Villano also alleges that Defendants violated his right to bear arms by ordering the surrender of his weapon and firearms permits in connection with a protective order entered against him, which he asserts was premised on fraudulent grounds and entered without a fair hearing. The FAC seeks injunctive relief in the form of an order from this Court directing the Defendants to appoint a public defender for Villano and to reinstate his private attorneys in his state court actions, as well as money damages.

---

[1] Fed. R. Civ. P. 15(d) "permit[s] a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented," which the Court may allow "even though the original pleading is defective in stating a claim or defense." A motion to file a supplemental pleading may be denied in the Court's exercise of discretion, however, including on grounds of futility. *See Nat'l Credit Union Admin. Bd. v. HSBC Bank US, Nat'l Ass'n*, 331 F.R.D. 63, 69 (S.D.N.Y. 2019). The Court's futility analysis is therefore the same whether Villano's filing is construed as a motion to amend under Rule 15(a) or a motion to file a supplemental pleading under Rule 15(d).

In the SAC (ECF No. 17), Villano repeats the FAC's core contentions while additionally alleging that he has been unlawfully placed on home detention based upon false accusations leveled against him by the State. The SAC proposes to name the Office of the Chief State's Attorney as well as various individuals as additional defendants. It reiterates Villano's request for an order that he be appointed a public defender in his pending criminal cases and further seeks an order vacating an order of house imprisonment, as well as fifty billion dollars in damages.

**Discussion**

*Motion to Dismiss*

Defendants principally assert that the Eleventh Amendment presents a jurisdictional bar to Villano's claims. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "The Eleventh Amendment has been interpreted as also barring suits in federal court against a state brought by that state's own citizens." *Mary Jo C. v. New York State & Local Ret. Sys.*, 707 F.3d 144, 151 (2d Cir. 2013). This immunity extends not only to the State itself but "to state agents and state instrumentalities that are, effectively, arms of a state." *Woods v. Rondout Valley Centr. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006) (internal quotation marks omitted). Eleventh Amendment immunity from suit "applies regardless of the nature of the relief sought," except in circumstances "where the state has consented to be sued or Congress has abrogated the states' Eleventh Amendment immunity." *Lee v. Dep't of Children and Families*, 939 F. Supp. 2d 160, 165 (D. Conn. 2013) (internal quotation marks omitted). Congress did not abrogate the states' sovereign immunity when enacting Title 42, U.S.C. § 1983. *Quern v. Jordan,* 440 U.S. 332, 345 (1979). Nor has the State of Connecticut waived

such immunity. Where "there is no suggestion of congressional abrogation or state acquiescence," the Court must determine whether the agency or instrumentality at issue "is, constructively, 'one of the United States.'" *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (quoting U.S. Const. amend. XI).

It is well-established that a State's judicial system constitutes an arm of the State. *See id.* at 368 (holding that "the New York State Unified Court System is unquestionably an 'arm of the State' . . . and is entitled to Eleventh Amendment sovereign immunity" (internal citation omitted)); *see also Posr v. Court Officer Shield No. 207*, 180 F.3d 409, 414 (2d Cir. 1999) (same, with respect to the New York State Office of Court Administration); *Swinton v. State of Connecticut Judicial Branch*, No. 3:15-cv-01695 (SRU), 2016 WL 4257326, at *2 (D. Conn. Aug. 11, 2016) (same, as applied to the Connecticut Judicial Branch); *Bernstein v. New York*, 591 F. Supp. 2d 448, 465 (S.D.N.Y. 2008) (same, with respect to, *inter alia*, the Florida Supreme Court, the New York State Supreme Court Appellate Divisions, and other judicial committees and administrative offices). So too is the Division of Public Defender Services, a state agency established pursuant to statute, an arm of the State. *See Cooper v. State of Connecticut Pub. Def.'s Office*, No. 3:03-cv-2259 (DJS), 2005 WL 589323, at *2 (D. Conn. Mar. 11, 2005) (holding that plaintiff's "claim against the State of Connecticut Office of the Public Defender must be dismissed because it is barred by the Eleventh Amendment and the doctrine of sovereign immunity"). Accordingly, the Eleventh Amendment presents a complete jurisdictional bar to suit against both Defendants.

Even if the Eleventh Amendment did not foreclose this Court's exercise of jurisdiction, the *Younger* abstention doctrine would. This doctrine "preclude[s] federal intrusion into ongoing state criminal prosecutions." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013). "Federal courts must abstain where a party seeks to enjoin an ongoing, parallel state criminal proceeding, to

preserve the 'longstanding public policy against federal court interference with state court proceedings' based on principles of federalism and comity." *Disability Rights New York v. New York*, 916 F.3d 129, 133 (2d Cir. 2019) (quoting *Younger v. Harris*, 401 U.S. 37, 43–44 (1971)). Villano asks this Court to order the state court to appoint a public defender in his state criminal proceedings. He similarly seeks an order from this Court, directing the state court to reinstate his private attorneys in the matters pending in the state criminal courts. The Court can think of no clearer circumstance which would implicate the *Younger* abstention doctrine. The relief Villano seeks is designed to "interfere with [Villano's] pending state criminal proceeding[s]." *Tyson v. Clifford*, No. 3:18-cv-1600 (JCH), 2018 WL 6727538, at *4 (D. Conn. Dec. 21, 2018). *Younger* abstention therefore establishes an independent basis for dismissing the FAC to the extent it seeks to have this Court intervene in ongoing state criminal proceedings.

### *Motion to Strike the Second Amended Complaint*

Although the filing of Villano's SAC does not comply with the procedures set forth in Fed. R. Civ. P. 15(a) or 15(d), the Court construes the filing as a request for leave to amend or to file a supplemental complaint. *See Edo v. Martiny*, No. 15-cv-202 (CBA) (SMG), 2017 WL 785653, at *3 (E.D.N.Y. Mar. 1, 2017). The Defendants assert that the Court should deny either leave to amend or the filing of a supplemental pleading because to grant such leave would be futile. "An amendment is considered 'futile' if the amended pleading fails to state a claim or would be subject to a successful motion to dismiss on some other basis." *Fed. Ins. Co. v. Speedboat Racing Ltd.*, 200 F. Supp. 3d 312, 340 (D. Conn. 2016). To the extent that the SAC attempts to name the Office of the Chief State's Attorney as a defendant, that office is an arm of the State entitled to Eleventh Amendment immunity. *See, e.g.*, *Woodward v. Office of Dist. Atty.*, 689 F. Supp. 2d 655, 659

6

(S.D.N.Y. 2010). Accordingly, amendment to include the Office of the Chief State's Attorney would be futile because the claim would not withstand a motion to dismiss.

The SAC also includes a handwritten list of numerous additional defendants, but only three of those individuals appear in the SAC's specific allegations: Judge Brown, who set the Plaintiff's bonds and conditions of release; prosecutor Howard Kliene,[2] who sought an increase in the Plaintiff's bond and is the prosecuting attorney on at least some of the Plaintiff's cases, and bail officer Tiffany Dennis, who oversees the Plaintiff's compliance with the conditions of his release. Because the Eleventh Amendment bars claims for money damages against State officials "sued in their official capacities," *Lee*, 939 F. Supp. 2d at 166, the SAC would not survive dismissal to the extent it seeks fifty billion dollars in damages against State officials sued in their official capacities. And even if the Court were to construe the SAC as seeking damages against State officials in their individual capacities, the SAC offers only "conclusory allegations" of wrongdoing and therefore fails to state a cognizable claim for relief with respect to any of the putative defendants. *See, e.g.*, *Bakhit v. Safety Markings, Inc.*, 33 F. Supp. 3d 99, 103 (D. Conn. 2014).

In addition, the doctrine of absolute judicial immunity would bar Villano's request for damages in connection with any individual capacity claims which arise out of a State official's setting of bonds or entry or execution of judicial orders as is clearly the case here. *See, e.g.*, *Root v. Liston*, 444 F.3d 127, 132–35 (2d Cir. 2006) (holding that absolute judicial immunity barred plaintiff's challenge to a prosecutor's directive to increase arrestee's bond); *Basile v. Connolly*, 538 F. App'x 5, 7 (2d Cir. 2013) (summary order) (affirming that "[t]he entry of a protective order by a judge in a court of general jurisdiction is plainly a 'judicial' action shielded by absolute immunity"). Absolute prosecutorial immunity would likewise bar liability for acts involving "the

---

[2] The Defendants clarify in their memorandum that this refers to Assistant States Attorney Howard Stein. Defs'. Mot. to Strike at 1.

initiation and conduct of a prosecution," unless the prosecutor acted outside his or her jurisdiction, regardless of any allegation of improper motive or state of mind. *Shmueli v. City of New York*, 424 F.3d 231, 236–37 (2d Cir. 2005). And finally, for the reasons discussed above, the *Younger* abstention doctrine would preclude this Court from exercising jurisdiction over Villano's effort to enjoin orders entered in his ongoing criminal proceedings. Accordingly, leave to file the SAC or to file a supplement to the FAC must be and is denied as futile.

**Conclusion**

For the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 11) and Defendants' Motion to Strike (ECF No. 21) are **GRANTED**. The Clerk is instructed to enter judgment in favor of the Defendants and to close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 7th day of October 2019.

*/s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE